UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

June 13, 2025

LETTER TO ALL COUNSEL OF RECORD

Re:   *Melinda M. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
      Civil No. 24-0975-CDA

Dear Counsel:

On April 3, 2024, Plaintiff Melinda M. ("Plaintiff") petitioned the Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny, in part, Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 6) and the parties' briefs (ECFs 9, 11, 12). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will AFFIRM the Commissioner's decision. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on March 19, 2021, alleging a disability onset of May 1, 2019. Tr. 194-95. Plaintiff's claims were denied initially and on reconsideration. Tr. 112-16, 123-26. On March 23, 2023, an Administrative Law Judge ("ALJ") held a hearing. Tr. 37-79. Following the hearing, on May 3, 2023, the ALJ issued a partially favorable decision, determining that Plaintiff was not disabled within the meaning of the Social Security Act[2] prior to February 15, 2023, but became disabled on that date when she turned 55 and changed age categories, and has continued to be disabled through the date of the decision. Tr. 11-36. The Appeals Council denied Plaintiff's request for review, Tr. 1-3, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Plaintiff filed this case against Martin O'Malley, the Commissioner of Social Security on April 3, 2024. ECF 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Melinda M. v. Bisignano*
Civil No. 24-0975-CDA
June 13, 2025
Page 2

## II.     THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since May 1, 2019, the alleged onset date." Tr. 16. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "non-ischemic cardiomyopathy, bipolar disorder, generalized anxiety disorder." Tr. 17. The ALJ also determined that Plaintiff suffered from the non-severe impairments of "obesity, headaches, hyperlipidemia, and hypertension." *Id.* At step three, the ALJ determined that Plaintiff "has not had an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 18. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except she cannot climb ladders or scaffolds. She can occasionally climb ramps and stairs, stoop, kneel, crouch, crawl, and balance. She can have no exposure to hazards such as unprotected heights or dangerous machinery. She is limited to understanding and carrying out detailed, but not complex, instructions. She can use judgment to make simple work-related decisions. There can be no work at a specific production-rate pace, as in an assembly line or where work requires hourly quotas. She can have occasional interaction with supervisors, coworkers, and the public. She is limited to work requiring only occasional changes in the routine work setting.

Tr. 21. The ALJ determined that Plaintiff was unable to perform past relevant work as a receptionist (DOT[3] #237.367-038), funeral attendant (DOT #359.677-014), and sales clerk (DOT

---

[3] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*Melinda M. v. Bisignano*
Civil No. 24-0975-CDA
June 13, 2025
Page 3

#290.477-014). Tr. 27. The ALJ observed that on February 15, 2023, Plaintiff's "age category changed to an individual of advanced age." Tr. 28. The ALJ determined that, prior to February 15, 2023, Plaintiff could perform other jobs that existed in significant numbers in the national economy, however, "[b]eginning on February 15, 2023, the date [Plaintiff's] age category changed, considering the [Plaintiff's] age, education, work experience, and [RFC], there are no jobs that exist in significant numbers in the national economy that [Plaintiff] could perform." Tr. 28-29. Therefore, the ALJ concluded that Plaintiff "was not disabled prior to February 15, 2023, but became disabled on that date and has continued to be disabled through the date of [the ALJ's] decision." Tr. 29.

### III.  LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.  ANALYSIS

On appeal, Plaintiff argues that the ALJ's RFC assessment is unsupported by substantial evidence because the ALJ failed to conduct a function-by-function assessment of Plaintiff's ability to perform the physical requirements of light work before concluding that Plaintiff could perform light work. ECF 9, at 4-14; ECF 12, at 1-4. Defendant counters that substantial evidence supports the ALJ's RFC finding that Plaintiff could perform the exertional requirements of light work. ECF 11, at 6-12.

The Court finds that, although the ALJ did not assess Plaintiff's exertional capabilities on a function-by-function basis, their assessment does not warrant remand. A claimant's RFC represents "the most [they] can still do despite [their] limitations." 20 C.F.R. § 416.945(a). In assessing RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by function basis, how they affect [the claimant's] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). Pursuant to Social Security Ruling ("SSR") 96-8p, an RFC assessment must include an evaluation of a claimant's ability to perform the physical functions listed in 20 C.F.R. § 416.945(b), including "sitting, standing, walking, lifting,

carrying, pushing, pulling, or other physical functions" that "may reduce [a claimant's] ability to do . . . work." 20 C.F.R. § 416.945(b); *see* SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996).

Only after such an analysis may an ALJ express RFC in terms of the exertional level of work of which the ALJ believes the claimant to be capable. *See Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021). As *Dowling* explained, "every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by 'a narrative discussion describing [ ] the evidence' that supports it." 986 F.3d at 387 (alteration in original) (citation omitted). Thus, an ALJ must identify evidence that supports their conclusions and build an accurate and logical bridge from that evidence to their conclusions. *See Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018).

Careful review of the ALJ's decision makes clear that the ALJ adequately accounted for Plaintiff's ability to perform light work. In assessing the RFC, the ALJ assigned persuasive value to the opinions of Dr. Jay Shaw and Dr. Robert Balogh insofar as these opinions outlined Plaintiff's exertional capabilities. Tr. 26-27. Dr. Shaw "thoroughly examined [Plaintiff's] medical evidence of record" and found that Plaintiff "could perform light exertion work with frequent balancing, stooping, and crouching; occasional crawling, kneeling, and climbing ramps or stairs; and no climbing ladders, ropes, or scaffolds[,]" and that Plaintiff "should avoid concentrated exposure to hazards." Tr. 26. Dr. Balogh "reviewed [Plaintiff's] medical records" and "[h]is opinion [wa]s consistent with that of Dr. Shaw." *Id.* Specifically, both state agency physicians opined that Plaintiff: (1) could lift and/or carry twenty pounds occasionally and ten pounds frequently, (2) could stand and/or walk six hours, (3) could sit for six hours, and (4) required other postural and environmental limitations. Tr. 89-92, 107-09.

The ALJ found these opinions "generally persuasive" because the state agency physicians "cited relevant evidence in support of their opinions, and their opinions are largely consistent with the overall record." Tr. 27. The ALJ observed that Plaintiff "generally had routine and conservative treatment" for her physical impairments. *Id.* The ALJ noted that "[a]side from two instances of acute complaints of syncope, her treatment for her cardiomyopathy consisted of medication management and monitoring." *Id.* Based on the opinions of Drs. Shaw and Balogh, the ALJ limited Plaintiff to light work and "afforded additional postural limitations due to [Plaintiff's] complaints of fatigue at the hearing." Tr. 21, 27. The ALJ noted that Plaintiff's "restriction to light exertion work with occasional postural activities, no climbing ladders or scaffolds, and no exposure to hazards adequately accommodates for her physical condition." Tr. 25.

While the RFC contains no explicit reference to lifting or carrying, the ALJ made clear that the limitation to "light work" was "as defined" in 20 C.F.R. §404.1567(b), which involves "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." *See* 20 C.F.R. § 404.1567(b). Additionally, while the RFC does not expressly mention sitting, standing, or walking, a "limitation to light work implicitly includes a finding that the plaintiff [can] stand or walk off and on for a total of approximately six hours of an eight-hour workday[.]" *Robinson v. Astrue*, No. 2:10-185-DCN, 2011 WL 4368416, at *8 (D.S.C. Feb. 18,

2011) (collecting cases), *report and recommendation adopted*, No. 2:10-185-DCN, 2011 WL 4368396 (D.S.C. Sept. 19, 2011). "Sitting may occur intermittently during the remaining time." SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983). Accordingly, the Court determines that the ALJ adopted the exertional limitations opined by Drs. Shaw and Balogh in crafting the RFC.

Although the ALJ did not perform a function-by-function analysis of Plaintiff's ability to sit, stand, walk, lift, and carry, the Fourth Circuit has "rejected a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis" and has explained that remand "may be appropriate" when an ALJ "fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio v. Colvin*, 780 F. 3d 632, 636 (4th Cir. 2015). No such issue exists here. Plaintiff identifies no unresolved evidentiary conflicts concerning exertional functions. By assigning persuasive value to medical opinions and incorporating their suggested limitations into the RFC, the ALJ sufficiently addressed Plaintiff's ability to perform light work. *See Sizemore v. Berryhill*, 878 F.3d 72, 80-81 (4th Cir. 2017) (holding that an ALJ adequately supported limitations in the RFC assessment by assigning persuasive value to the opinions of doctors who addressed the limitations in detail); *Onishea v. Barnhart*, 116 F. App'x 1, 2 (5th Cir. 2004) ("The ALJ based his assessment of [the claimant's] RFC, in part, on the state examiner's function-by-function analysis of her exertional limitations. Thus, the ALJ employed the legal standard set forth in . . . SSR 96-8p in [assessing] RFC."); *Janell W. v. Kijakazi*, No. BAH-22-2339, 2023 WL 4456848, at *3 (D. Md. July 11, 2023) (determining that although an ALJ did not "perform an explicit analysis of" a claimant's ability lift, carry, push, or pull, the ALJ "accounted for" these functions by assigning persuasive value to opinions that explicitly addressed the functions). Therefore, the ALJ's failure to explicitly assess Plaintiff's exertional abilities does not warrant remand.

As a final matter, Plaintiff argues that the ALJ erred by conflating their analysis of the intensity and persistence of Plaintiff's symptoms with their analysis of Plaintiff's ability to perform and sustain the exertional requirements of light work. ECF 9, at 13-14. The Court disagrees. In conducting a symptom analysis, an ALJ "evaluate[s] the intensity and persistence of" a claimant's symptoms and determines "the extent to which the symptoms can reasonably be accepted as consistent with the objective medical and other evidence" in the record. *Dowling*, 986 F.3d at 387 (quoting SSR 16-3p, 2017 WL 5180304, at *2 (Oct. 25, 2017)). Although an ALJ's symptom analysis is "relevant" to an ALJ's RFC evaluation, an ALJ errs "by treating [the analyses] as one and the same." *Id.*

The ALJ in this case, however, committed no such error. Rather, the ALJ appropriately considered "limitations that result from [Plaintiff's] symptoms" in crafting the RFC. *Id.* (quoting 20 C.F.R. § 416.945(a)(3)). For example, the ALJ afforded Plaintiff "additional postural limitations due to [Plaintiff's] complaints of fatigue at the hearing." Tr. 27. The ALJ observed Plaintiff's "diagnosis of cardiomyopathy both prior to and after her alleged onset date" and noted that Plaintiff's "treatment generally consisted only of monitoring" and that Plaintiff "regularly reported to her cardiologist that she was doing well from a cardiac standpoint and denied symptoms." Tr. 25. The ALJ concluded that Plaintiff's physical impairments are accommodated

*Melinda M. v. Bisignano*
Civil No. 24-0975-CDA
June 13, 2025
Page 6

by "the restriction to light exertion work with occasional postural activities, no climbing ladders or scaffolds, and no exposure to hazards." *Id.* Based upon the ALJ's analysis, and because the ALJ adopted the exertional limitations opined by Drs. Shaw and Balogh in crafting the RFC, the Court disagrees with Plaintiff that any overlap between the ALJ's RFC and symptom analyses amounted to harmful error.

## V.     CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge