# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
**CHARLES D. AUSTIN**
**UNITED STATES MAGISTRATE JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-7810**
**MDD_CDAChambers@mdd.uscourts.gov**

July 9, 2026

LETTER TO ALL COUNSEL OF RECORD

Re:   *Melinda M. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
        Civil No. 24-0975-CDA

Dear Counsel:

Pursuant to Local Rule 105.10, Plaintiff Melinda M. ("Plaintiff") filed a Motion to Reconsider ("Motion") the Court's June 13, 2025 Memorandum Opinion and Order (the "June 13, 2025 Decision") affirming the Social Security Administration's ("SSA's" or "Defendant's" or "Commissioner's") judgment and closing this case.  ECF 15.  Defendant filed a Response in Opposition. ECF 16.  No hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2025).  For the reasons explained below, the Court will DENY Plaintiff's Motion to Reconsider.

The Court's review of an ALJ's decision is limited to determining whether substantial evidence supports the ALJ's findings, *see* 42 U.S.C. § 405(g), and whether the ALJ properly applied the relevant legal standards, *see Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). When deciding whether to reconsider its affirmance of an ALJ's decision under Local Rule 105.10, the Court uses the standard relevant to motions for reconsideration brought under Federal Rule 59(e).  *See Crocetti v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-1122, 2018 WL 3973074, at *1 (D. Md. Aug. 1, 2018).  Under 59(e), the Court may amend a prior decision if: (1) there has been an intervening change of controlling law; (2) new evidence has become available; or (3) "there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 407 (4th Cir. 2010).  "The grounds for reconsideration are purposefully narrow to prevent the motion from being used to ask the Court to rethink what the Court had already thought through— rightly or wrongly." *Crocetti*, 2018 WL 3973074, at *1 (internal citation omitted).  The first two criteria are inapplicable here, and Plaintiff fails to satisfy the third criteria.

Plaintiff avers that the Court's June 13, 2025 Decision "misapplies controlling precedent and the applicable regulations" with respect to its discussion of the ALJ's harmless error in not performing a function-by-function assessment of Plaintiff's exertional capacities. ECF 15, at 3. Specifically, Plaintiff argues that the Court's "re-interpretation of *Mascio* [*v. Colvin*, 780 F.3d 632

---

[1] Plaintiff filed this case against Martin O'Malley, the Commissioner of Social Security, on April 3, 2024.  ECF 1.  Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, the Court substitutes Commissioner Bisignano as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d).  *See* Fed. R. Civ. P. 25(d).

*Melinda M. v. Bisignano*
Civil No. 24-975-CDA
July 9, 2026
Page 2

(4th Cir. 2015)] is neither grounded in law nor fact." *Id.*, at 3. Plaintiff avers that the Court failed to address her argument that the ALJ contravened Social Security Ruling ("SSR") 96-8p by failing to provide a function-by-function analysis of Plaintiff's exertional capacity, and "then relied on that legally deficient residual functional capacity assessment to satisfy the [SSA's] sole burden." *Id.*, at 2

Defendant counters that reconsideration is improper because the ALJ's analysis "complies with the governing regulations and the applicable caselaw," and that the Court correctly found that "the lack of a specific function-by-function analysis of the exertional requirements of light work did not merit remand under the facts[.]" ECF 16 at 3. For the reasons explained below, the Court agrees with Defendant's position.

As explained in the June 13, 2025 Decision, "although the ALJ did not assess Plaintiff's exertional capabilities on a function-by-function basis, their assessment does not warrant remand." ECF 13 at 3. The Court highlighted that "the Fourth Circuit has 'rejected a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis." *Id.*, at 5 (quoting *Mascio*, 780 F.3d at 636). As such, given that "Plaintiff identifie[d] no unresolved evidentiary conflicts concerning exertional functions[, b]y assigning persuasive value to medical opinions and incorporating their suggested limitations into the RFC, the ALJ sufficiently addressed Plaintiff's ability to perform light work." *Id.* at 5. The Court concluded that "the ALJ's failure to explicitly assess Plaintiff's exertional abilities [did] not warrant remand." *Id.*

Plaintiff insists that "*Mascio* compels remand" in instances such as here where there "remains in dispute . . . Plaintiff's capacity to perform and sustain each of those functions in an eight-hour workday." ECF 15, at 4-5. Even if the ALJ would have provided an explicit function-by-function analysis pursuant to SSR 96-8p, such a failure alone does not control the outcome. It remains Plaintiff's burden to articulate why this failure warrants remand. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency determination."); *see also Smith v. Colvin*, No. TMD-15-1694, 2016 WL 5147195, at *10 (D. Md. 20, 2016) (finding harmless error where the claimant failed to demonstrate how the result would have changed had the ALJ properly addressed the claimant's cognitive difficulties in the RFC analysis); *cf. Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995) (finding that the applicant bears the burden of production and of proof during the first four steps of the disability inquiry). As the June 13, 2025 Decision explained, Plaintiff fails to explain how an explicit function-by-function analysis might change the outcome of this case. ECF 13, at 5.

Accordingly, where, as here, there is no persuasive contention that a more robust analysis would lead to a different (or more Plaintiff-favorable) result, an ALJ's lack of a function-by-function analysis of Plaintiff's RFC constitutes harmless error. *See Turner v. Colvin*, No. 13-0761, 2015 WL 502082, at *11 (M.D.N.C. Feb. 5, 2015), *report and recommendation adopted*, No. 13-0761, 2015 WL 12564210 (M.D.N.C. Mar. 6, 2015) ("Plaintiff has not made any attempt to show how a more complete analysis would have resulted in a more restrictive RFC or a different outcome in the case and, thus, such harmless error does not warrant remand."); *see also Brown v. Astrue*, No. JKS-09-1792, 2011 WL 129006, at *2 (D. Md. Jan. 14, 2011) ("Having identified no evidence to suggest that his obesity caused greater limitations than the ALJ assigned, [Plaintiff] has shown

*Melinda M. v. Bisignano*
Civil No. 24-975-CDA
July 9, 2026
Page 3

no basis for remand."). At bottom, Plaintiff asks the Court to "re-think what the Court already thought through, – rightly or wrongly," which is an improper basis for reconsideration. *Crocetti*, 2018 WL 3973074, at *1. As such, the Motion fails to establish that reconsideration is necessary here to "correct a clear error or to prevent manifest injustice." *Robinson*, 599 F.3d at 411.

For the foregoing reasons, Plaintiff's Motion to Reconsider, ECF 15, is DENIED. Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion and docketed as an Order.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge